IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEVERLY J. STEVENSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 06-05422 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON April 27, 2007:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

    The Court **tentatively GRANTS** Defendant's motion to dismiss, without prejudice to Plaintiff refiling a complaint following a final decision by the Commissioner on her claim for benefits.

Each party shall have twenty (20) minutes to answer the following questions:

1. Does any party contend that this action is now moot in light of the ALJ's decision? If not, on what legal or factual basis?

    a. In her opposition to the motion, Plaintiff argues that she was denied a "91-5p hearing," and appears to complain about the ALJ's decision not to reopen or revise determinations on prior applications. These allegations are not alleged in the Amended Complaint. Is Plaintiff arguing that by deciding she did not meet the criteria to reopen or revise determinations on her prior applications, the March 30, 2007 decision is not "fully favorable," and required a hearing? If so, why can Plaintiff not raise this issue in the first instance with the Appeals Council? Is Plaintiff asking for leave to amend and, if so, why would those allegations not be subject to dismissal on the same bases raised by Defendant in the current motion?

    b. Does Plaintiff find fault with the notice of the ALJ's decision because it does not advise her of the right to a hearing? *See* 20 C.F.R. § 404.948(a) ("Decision wholly favorable. If the evidence in the hearing record supports a finding in favor of you and all the parties on every issue, the [ALJ] may issue a hearing decision without holding an oral hearing. However, the notice of the decision will inform you that you have the right to an oral hearing and that you have a right to examine the evidence on which the decision is based."). Why could she not raise this issue in the first instance with the Appeals Council?

    c. If Plaintiff intends to seek review of the March 30, 2007 decision, why is Defendant not correct that Plaintiff has not yet exhausted administrative remedies?

    d. What is the relevance to the motion to dismiss, if any, of the material included with the Ragnes Declaration?

2

2. As the Court reads the Amended Complaint, Plaintiff's claims are as follows:(1) Defendant violated her procedural due process rights by failing to process her claim for benefits without undue delay; (2) Defendant placed an improper hold on her request for reconsideration of the denial of benefits; (3) Defendant failed to properly administer reconsideration level processing; and (4) Defendant unduly delayed in administering all steps to exhaustion of Plaintiff's administrative remedies.  (Am. Compl. ¶ 2.)

    a. Does the Court correctly understand Plaintiff's claims?

    b. What is the statutory basis underlying jurisdiction on each of these claims?

    c. Plaintiff seems to argue that the Court has subject matter jurisdiction of her claims under the Administrative Procedure Act and the Declaratory Relief Act.  However, these statutes do not provide an independent basis for subject matter jurisdiction.  *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action"); *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir. 1980) ("28 U.S.C. §§ 2201 and 2202 create additional remedies in the form of declaratory judgment relief for federal litigants, but do not in an of themselves confer subject matter jurisdiction on the courts.").  Is Plaintiff truly contending that the APA and Declaratory Relief Act provide a distinct basis for subject matter jurisdiction?  If so, on what authority does she rely?

    d. Does Defendant contend that Plaintiff has not presented these claims to the Commissioner?

    e. Is there any dispute that the Plaintiff has standing?  The Court inquires because it is not clear how the declarations and injunctions Plaintiff seeks in her Amended Complaint will be likely to redress the alleged harm she has suffered.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

3

(1992) (noting that third element of standing is that "it must be 'likely,' as opposed to merely 'speculative,'" that the injury will be redressed by a favorable decision").

3. Is Defendant making a facial or factual challenge to subject matter jurisdiction?

4. In *Weinberger v. Salfi*, 422 U.S. 749 (1975), the Supreme Court concluded that the action did "arise under" the Constitution but also stated that "it is just as fruitless to argue that this action does not also arise under the Social Security Act. For not only is it Social Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and substantive basis for the presentation of their constitutional contentions." *Id.* at 760-61. The Court then held that "the third sentence of [42 U.S.C.] § 405(g) precludes resort to federal-question jurisdiction for the adjudication of appellees' constitutional claims."

   a. What is Plaintiff's best argument that this case does not "arise under" the Social Security Act, such that this Court would have federal-question jurisdiction over her procedural due process claim? *See, e.g., Telecare Corp. v. Leavitt*, 409 F.3d 1345, 1349 (9th Cir. 2005) (finding claims did not arise under Medicare statute because the plaintiff could not invoke "the specialized administrative and judicial review procedures" of 42 U.S.C. § 405(g));

   b. Does Plaintiff dispute that the goal of this lawsuit is to speed up the process by which she may seek Social Security benefits? *See, e.g., Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003) (finding plaintiffs' claims "inextricably intertwined" with claim for benefits and, therefore, § 405(h) provided exclusive basis for jurisdiction over most causes of action, with the exception of defamation and invasion of privacy).

4

5. Does Defendant concede that the Court would have jurisdiction over the claims based upon 28 U.S.C. § 1361, even if they "arise under" the Social Security Act, if Plaintiff met the standards required to assert mandamus jurisdiction? *See Briggs v. Sullivan*, 846 F.2d 1132, 1142 (9th Cir. 1989).

   a. What is Plaintiff's best argument that she has exhausted all other avenues of relief, and what authority does she have to show that the Defendant owes her a "clear nondiscretionary duty?" *Heckler v. Ringer*, 466 U.S. 602, 619 (1984).

6. What is Plaintiff's best argument that she meets the requirements for waiver of exhaustion of administrative remedies?

7. How will the discovery Plaintiff seeks to compel from Defendant assist the Court in resolving the dispute regarding jurisdiction?

Dated: April 26, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE