IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEVERLY J. STEVENSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 06-05422 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Michael J. Astrue ("Defendant").[1] Also before the Court is the motion to compel discovery filed by Plaintiff Beverly Stevenson ("Plaintiff").

Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS Defendant's motion and DENIES AS MOOT Plaintiff's motion.

## BACKGROUND

On August 9, 2005, Plaintiff filed an application for Disability Insurance and Supplemental Social Security Income benefits. (*See* Declaration of Sharon Lovan ¶ 3.)[2]

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Astrue is hereby substituted in for Commissioner JoAnne B. Barnhart, who was the Commissioner at the time the suit was filed.

[2] Defendant raises a factual attack on subject matter jurisdiction. Thus, the Court may consider the Lovan declaration. *See Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

1  Plaintiff's application for benefits was denied, and on or about February 13, 2006, Plaintiff filed
2  a request for reconsideration of Defendant's decision to deny her benefits. (Am. Compl. ¶ 3;
3  Lovan Decl. ¶¶ 4-5.)

4  Plaintiff alleges that on or about May 10, 2006, she learned that Defendant stopped
5  working on her claim for reconsideration. (Am. Compl. ¶ 3.) Plaintiff also alleges that her
6  legal representative in the administrative proceedings "heard from the DDS claim examiner that
7  all reconsideration cases were on hold in California." (*Id.*)

8  On September 1, 2006, Plaintiff filed this action as a Petition for Writ of Mandamus,
9  because she had not yet received a decision on her request for reconsideration. In her initial
10  petition, Plaintiff sought a writ compelling Defendant "to make a reconsideration
11  determination" on her application for Social Security benefits "within a 'reasonable time.'" (*See*
12  Docket No. 1, Pet. at 1.)

13  While this action was pending, on November 9, 2006, Plaintiff's request for
14  reconsideration was denied. On December 4, 2006, Plaintiff requested a hearing before an
15  Administrative Law Judge ("ALJ"). (Lovan Decl. ¶¶ 7-8.) On December 26, 2006, Defendant
16  filed a motion to dismiss the petition on the ground that the case was moot, because Plaintiff
17  had received a reconsideration decision. Defendant also moved to dismiss on the ground that
18  the Court lacked jurisdiction, because Plaintiff had not yet exhausted administrative remedies.
19  (*See* Docket No. 7.)

20  In response, on January 9, 2007, Plaintiff filed her Amended Complaint, which is the
21  operative pleading in this action. In her Amended Complaint, Plaintiff asserts that the Court has
22  jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, 5 U.S.C. § 704, 28 U.S.C. §§ 2201,
23  2202, and 42 U.S.C. § 405(g).[3] (Am. Compl. ¶ 1.)

---

[3] Although Plaintiff asserts the Declaratory Judgment Act and the Administrative Procedure Act as bases for this Court's subject matter jurisdiction, neither the APA nor the Declaratory Judgment Act provide an independent basis for subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action"); *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir. 1980) ("28 U.S.C. §§ 2201 and 2202 create additional remedies in the form of declaratory judgment relief for federal litigants, but do not in and of themselves confer subject matter jurisdiction on the courts.").

2

Plaintiff alleges that: (1) Defendant violated her procedural due process rights by failing to process her claim for benefits without undue delay; (2) Defendant placed an improper hold on her request for reconsideration of the denial of benefits; (3) Defendant failed to properly administer reconsideration level processing; and (4) Defendant unduly delayed in administering all steps to exhaustion of Plaintiff's administrative remedies. (*See id.* ¶¶ 2-3.)

On March 30, 2007, while Defendant's motion was pending, an ALJ issued a decision in which he granted Plaintiff's application for benefits but determined that prior applications would not be reopened. (*See* Declaration of Andrew Ragnes, Ex. I.) Plaintiff has not yet appealed that decision to the Appeals Council.

At the hearing, Plaintiff clarified that she alleges Defendant unduly delayed in the processing of her application for benefits at the reconsideration stage and failed to follow the proper procedures in making this determination. Plaintiff stated that she asks the Court to review the administrative process to date and, if an error is found, order Defendant to administer her claim properly.

## ANALYSIS

### A.     Legal Standards on Motions to Dismiss.

Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1), on the ground that the Court lacks subject matter jurisdiction over the claims, and also under Rule 12(b)(6), on the ground that Plaintiff fails to state a claim.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004.) Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with

1  respect to the allegations in the complaint. Rather, he or she must come forward with evidence
2  establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

3    A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a
4  claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should
5  not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts
6  supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz
7  v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is
8  construed in the light most favorable to the non-moving party and all material allegations in the
9  complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The
10 court, however, is not required to accept legal conclusions cast in the form of factual allegations
11 if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult
12 Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S.
13 265, 286 (1986)).

14   As a general rule, "a district court may not consider any material beyond the pleadings
15 in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994),
16 *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir.
17 2002) (citation omitted). However, a district court may consider documents attached to a
18 plaintiff's complaint without converting a motion to dismiss into a motion for summary
19 judgment. *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 896 F.2d 1542, 1555 n.19
20 (9th Cir. 1989). Similarly, a court may consider documents referenced in, but not attached to a
21 complaint, where no party questions their authenticity, without converting a motion to dismiss
22 into a motion for summary judgment. *Branch*, 14 F.3d at 453-54.

23 **B.  Administrative Procedures Regarding Applications for Social Security Benefits.**
24   The Social Security Act and regulations promulgated thereunder "create an orderly
25 administrative mechanism, with district court review of the final decision of the Secretary."
26 *Califano*, 430 U.S. at 102. This "orderly administrative mechanism," is begun when a person
27 seeking benefits files a claim and receives an initial determination. *See* 20 C.F.R. §§
28 404.900(a)(1), 404.905. If an applicant is dissatisfied with the initial determination, he or she

4

may seek a reconsideration of that decision. *See id.* §§ 404.900(a)(2), 404.907-404.909. If the applicant is dissatisfied with the decision on reconsideration, he or she may request a hearing before an ALJ. *See id.* §§ 404.900(a)(3), 404.907, 404.930. If an applicant is not satisfied with the decision of the ALJ, he or she may ask the Appeals Council to review the decision. *See id.* §§ 404.900(a)(4), 404.955, 404.967. Thereafter, an applicant may seek judicial review if he or she is dissatisfied with the Appeals Council's decision. *See* 42 U.S.C. § 405(g) ("Section 405(g)").

Section 405(g) provides in pertinent part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such a decision or within such further time as the Commissioner of Social Security may allow."

42 U.S.C. § 405(h), provides that:

> [t]he findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as provided herein. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim *arising under* this subchapter.

42 U.S.C. § 405(h) (emphasis added).

Pursuant to these provisions of the Social Security Act, before seeking judicial review under of her claims under the Social Security Act, Plaintiff must obtain a final judgment from Defendant. *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993.) "A final judgment consists of two elements: the presentment of a claim to the [Commissioner] and the exhaustion of administrative remedies. The presentment requirement is jurisdictional and cannot be waived by the [Commissioner] or the courts." *Id.* However, the exhaustion requirement may be waived in certain circumstances. *Id.*

//

//

//

5

**C.     The Court Lacks Jurisdiction Over Plaintiff's Claims Under the Social Security Act.**

With the exception of Plaintiff's claim for mandamus, Defendant argues that the Social Security Act provides the exclusive basis for subject matter jurisdiction over Plaintiff's claims because they arise under the Social Security Act. The Court agrees. The Supreme Court has interpreted the term "arising under," as used in Section 405(h), to require that "virtually all legal attacks" be channeled through the administrative process. *See Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 13 (2000); *Heckler v. Ringer*, 466 U.S. 602 (1984) ("*Ringer*"; *Weinberger v. Salfi*, 422 U.S. 749 (1975).

In *Weinberger*, the plaintiffs challenged the application of certain eligibility requirements, which the defendant relied on to deny the plaintiffs' applications for benefits. The plaintiffs asserted that the eligibility requirements were unconstitutional and that, therefore, the court had jurisdiction under 28 U.S.C. § 1331. *Weinberger*, 422 U.S. at 755. Although the Supreme Court stated that "[i]t would ... be fruitless to contend that [plaintiffs'] claim is one which does not arise under the Constitution, since their constitutional arguments are critical to their complaint[,] ... it is just as fruitless to argue that this action does not also arise under the Social Security Act. For not only is it Social Security benefits which [plaintiffs] seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the presentation of their constitutional contentions." *Id.* at 760. Accordingly, the Court held that the district court did not have jurisdiction under 28 U.S.C. § 1331 and held that the plaintiffs were required to exhaust their claim through the administrative process. *Id.* at 763-67.

The Ninth Circuit, following *Weinberger* and its progeny, has articulated two tests "to determine whether claims arise under" the Social Security Act. *See Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1112 (9th Cir. 2003).[4] The first test examines whether the claims are "'inextricably intertwined' with a [Social Security] benefits determination." If so, they arise

---

[4]     Although the court in *Kaiser* was addressing Medicare, Sections 405(g) and 405(h) apply to review of Medicare determinations as well. *See Kaiser*, 347 F.3d at 1111.

6

1  under the Social Security Act. *Id.* The second test examines whether the claims are such that
2  "'both the standing and the substantive basis for the presentation' of the claims" is the Social
3  Security Act. Again, if the answer to that question is yes, the claims "arise under" the act. *Id.*;
4  *cf. Telecare Corp. v. Leavitt*, 409 F.3d 1345, 1349 (9th Cir. 2005) (finding that a cause of action
5  will arise under Medicare if specialized administrative and judicial review processes provided
6  for by statute are available to plaintiff).

Although Plaintiff's claim of a procedural due process violation arguably "arises under" the Constitution, much like the plaintiffs' claim "arose under" the Constitution in *Weinberger*, Plaintiff candidly admitted at the hearing that the crux of her complaint is with irregularities in the processing of her individual claim for benefits and that she seeks to remedy that allegedly flawed process as it applied to her. Thus, the Court concludes that the allegations in the Amended Complaint are inextricably intertwined with the determination of her claim for benefits, and further concludes that the Social Security Act provides the standing and substantive basis for presenting the claims to this Court.

Accordingly, with the exception of her claim for mandamus relief, Plaintiff's claims "arise under" the Social Security Act. Therefore, the exhaustion requirements of Section 405(g) apply.

### 1. Plaintiff Is Not Entitled to Waiver of the Exhaustion Requirements.

Defendant argues that the Court must dismiss this case for lack of jurisdiction because Plaintiff has not exhausted her claims and because the exhaustion requirement should not be waived. As noted, in order to obtain a final judgment from Defendant, Plaintiff must present her claim and exhaust the administrative process. It is undisputed that Plaintiff has presented her application for benefits to Defendant. It also is undisputed that Plaintiff has not yet appealed the ALJ's March 30, 2007 decision to the Appeals Council and, thus, has not exhausted administrative remedies. Therefore, unless she establishes that exhaustion should be waived, the Court must dismiss her case.

In order to establish that exhaustion of administrative remedies should be waived, Plaintiff must show her claim is "(1) collateral to a substantive claim of entitlement

7

(collaterality), (2) colorable in its showing that refusal to denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson*, 2 F.3d at 921 (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989)).  The Court concludes that Plaintiff has not established the collaterality and futility prongs of this test.

"A plaintiff's claim is collateral is if it is not essentially a claim for benefits." *Johnson*, 2 F.3d at 921 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1985)).  In *Ringer*, *supra*, the plaintiffs challenged a policy by which the Secretary denied benefits for a certain medical procedure.  Although the Court focused on the basis on which subject matter jurisdiction existed, the Court also found that the plaintiffs' claim was "at bottom" a claim for benefits, and thus not collateral, because they asked the Secretary to change her policy so that they might avoid the administrative process.  *Ringer*, 466 U.S. at 415.

Similarly, in *Kildare v. Saenz*, 325 F.3d 1078 (9th Cir. 2003), the plaintiffs alleged that state officials charged with administering Social Security determinations systematically disregarded federal regulations and alleged that federal officials failed to exercise adequate oversight over the state officials.  *Kildare*, 325 F.3d at 1080.  The court concluded that although the plaintiffs "use[d] terms such as 'policy,' 'practice,' and 'systematic,' throughout their Complaint, ..." the artful use of those terms did not change the fact that all plaintiffs alleged was "a series of claimed irregularities in individual cases that is entirely dependant on the [plaintiffs'] underlying claim for benefits and the proceedings before the State Defendants in making the initial disability determination."  *Id.* at 1083.

In contrast, in *City of New York*, the plaintiffs challenged a policy implemented by the Social Security Administration which mandated a presumption that applicants for benefits who were mentally disabled were qualified to do unskilled work.  *City of New York*, 467 U.S. at 473-74.  The Supreme Court concluded that because the plaintiffs challenged the Secretary's failure to follow applicable regulations, and did not seek or obtain an award for benefits in the district court, the claim was collateral.  *Id.*

Similarly, in *Johnson*, the Ninth Circuit held that the plaintiffs' challenge to the Secretary's policy of treating in-kind loans as income was collateral to their claim for benefits, because the plaintiffs sought to invalidate the rule. *Id.* The Ninth Circuit distinguished *Ringer* in the *Johnson* case, noting that "the plaintiff's attack is essentially to the policy itself, not to its application to them, nor to the ultimate substantive determination of their benefits. Their challenge to the policy rises and falls on its own, separate from the merits of their claim for benefits." 2 F.3d at 921-22 (citing *Johnson v. Sullivan*, 922 F.2d 346, 353 (7th Cir. 1990)). The *Johnson* court summarized its conclusion that the plaintiffs' claim was collateral by stating that "it is not 'bound up with the merits so closely that [the court's] decision would constitute interference with agency process.'" *Id.* at 922 (quoting *Johnson*, 922 F.3d at 353 (in turn quoting *Weinberger*, 422 U.S. at 765)).

The Court finds this case to be more like the *Ringer* and *Kildare* cases than the *City of New York* or *Johnson* cases. Superficially, Plaintiff challenges a practice or policy that resulted in a delay in the administrative process. At bottom, however, Plaintiff's attack is not on this policy itself, but upon its application to her. Further, to the extent Plaintiff asks this Court to "expedite" the administrative process or to circumvent it altogether, that decision would interfere with established agency process. Accordingly, the Court concludes Plaintiff's claim is not collateral to her claim for benefits.

The Court also concludes that the purposes of exhaustion would be served in this case and, thus, Plaintiff has not established the futility prong. In *City of New York*, the Supreme Court stated that the "ultimate decision of whether to waive exhaustion should ... be guided by the policies underlying the exhaustion requirement." *City of New York*, 476 U.S. at 484. In general, those policies are that exhaustion permits the agency to develop a complete factual record and to apply its own expertise. *Johnson*, 2 F.3d at 922.

The procedural history of this case demonstrates the general importance of the exhaustion and supports the Court's conclusion that the purposes underlying the exhaustion requirement will be served. Although Plaintiff at first claimed the only irregularity in her case was the alleged delay in obtaining a reconsideration decision, she now asserts that there are

9

flaws in the ALJ's decision making process. However, while Plaintiff concedes that these are matters which can be addressed by the Appeals Council, she admits that she wants the Court to allow her to circumvent that step of administrative review because of potential delays. Although this might support her claim for mandamus, it does not support a conclusion that exhaustion of administrative remedies should be waived. *See Kildare*, 325 F.3d at 1084 (concluding plaintiffs had not established futility because alleged errors in administrative process "must be determined in the context of individual disability proceedings and require development of individual factual records").

Accordingly, the Court GRANTS Defendant's motion to dismiss the complaint on the ground that the Court lacks jurisdiction because Plaintiff has not exhausted her administrative remedies.[5]

**D.     Plaintiff's Claim for Mandamus Relief Is Dismissed.**

Defendant concedes the Court would have jurisdiction over Plaintiff's complaint under 28 U.S.C. § 1361, but argues that Plaintiff cannot meet the standards necessary for mandamus review. "Mandamus is an extraordinary remedy and is available to compel a federal official to

---

[5] The Court notes that the Supreme Court's decision in *Heckler v. Day*, 467 U.S. 104 (1984) provides some support for Plaintiff's claim that this Court should review whether or not there has been undue delay in her case. In *Day*, the district court issued an injunction that imposed mandatory deadlines on the Social Security Administration with respect to the time frame in which applications were processed. The Supreme Court reversed. Although it noted there was no challenge to the district court's findings regarding unreasonable delay in the processing of the plaintiffs' applications, it noted the tension between delays in the process and the need to provide quality decision making. *Day*, 467 U.S. at 111-112. That tension is apparent in this case, because Plaintiff appears to claim that the ALJ engaged in shortcuts, resulting in the allegedly flawed March 30, 2007 decision.

In *Day,* the Supreme Court concluded that if Congress was aware of these two competing concerns and chose not to impose mandatory deadlines on the process, it would be inappropriate for the courts to impose such deadlines. *Id.* at 119. The Supreme Court did note, however, that its decision was not intended to preclude relief for undue delays in individual cases. *Id.* at n. 33. A key distinction between the instant case and the *Day* case is that, in *Day,* the Supreme Court concluded that the defendant had waived any argument with respect to exhaustion and, thus, was not required to address whether the exhaustion requirement should be waived. It may be that if Plaintiff exhausts the administrative process, seeks judicial review, and maintains her claim that Defendants unduly delayed, the Court can provide a remedy by setting some time limits upon remand. The Court concludes, however, that it cannot provide that relief at this time because she has obtained reconsideration, and thus the Court cannot direct the Defendant to render that decision in a specific time period. Furthermore, it would be speculative to conclude that there will be further delays in the administrative process.

10

perform a duty only if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Kildare*, 325 F.3d at 1084. The Court concludes that Plaintiff cannot establish that mandamus review is appropriate because to the extent she complains of errors in the process, those errors could be corrected upon administrative review. *Id.* at 1085. Moreover, at this stage, the Court concludes that it would be speculative to conclude that there will, in fact, be further delays in the process.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 1, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

11