**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY J. STEVENSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>_____ / | No. C 06-05422 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

**INTRODUCTION**

This matter comes before the Court upon consideration of Plaintiff's motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff asks the Court to alter or amend its May 1, 2007 Order granting Defendant's motion to dismiss and denying as moot Plaintiff's motion to compel discovery, and to vacate the dismissal of her claim without prejudice. Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court finds that this motion is suitable for disposition without oral argument and VACATES the hearing set for June 29, 2007. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, Plaintiff's motion is DENIED.

**ANALYSIS**

**A.    Legal Standards Applicable to Rule 59 Motions.**

Plaintiff moves to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058,

1063 (9th Cir. 2003).  While "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted).  Although there are four grounds on which a motion under Rule 59(e) may be made, Plaintiff moves to alter or amend the judgment on the ground that it is necessary to correct a manifest error of law or fact on which the judgment is based.  *See id.*

**B.     Plaintiff's Motion is Denied.**

The facts and procedural history relating to this action are set forth in the Court's May 1, 2007 Order and shall not be repeated herein, except as necessary to the Court's analysis. Plaintiff asks the Court to vacate the judgment dismissing this case without prejudice and allow her to file a supplemental pleading, in which she sets the following facts that occurred after she filed her Amended Complaint:

> On or about May 30 [*sic*], the assigned ALJ issued a partially favorable decision to Plaintiff without a hearing.  The denial part of the decision was a 91-5p decision denial conclusorily finding no "good cause" for tolling administrative finality of Plaintiff's prior application(s) for benefits. Exhibit A attached is the decision of March 30, 2007, which provides continuing evidence of undue delay on the part of defendant and further new violations of procedural due process of failure to provide Plaintiff with an oral hearing as requested, failure to provide a list of exhibits to effectuate substantial evidence supportive of the ALJ's decisions, and failure to provide a full and complete 91-5p hearing and decision.  Exhibit B is Representatives letter to the ALJ.

(Proposed Supplemental Pleading at 2:13-20.)  Plaintiff alleges that the Court's "clear error" is its "refusal to allow Plaintiff to amend her complaint to conform to the new evidence and/or require the Defendant to lodge the administrative record pursuant to Plaintiff's motion to compel discovery."  (Mot. at 7:18-20.)

Plaintiff submitted the ALJ's March 30, 2007 decision and her Representative's letter to the ALJ, when she filed her opposition to the motion to dismiss.  (*See* Docket No. 20 (Declaration of Andrew Ragnes, Exhibits I &J).)  At the hearing on Defendant's motion to dismiss, the Court asked Plaintiff why a second amended complaint containing these facts would not be subject to dismissal on the same grounds Defendant was attacking the Amended

2

1  Complaint. (*See* Docket No. 28 (Notice of Tentative Ruling and Questions for Hearing.)) To
2  the extent Plaintiff argues that the Court erred by not considering these facts or failed to allow
3  her to amend her pleadings, the Court did consider the March 30, 2007 ALJ decision and her
4  Representative's letter to the ALJ in response to that decision. It also considered Plaintiff's
5  arguments as to why amendment would not be futile. However, it concluded that those facts
6  and arguments did not show that exhaustion requirement should be waived. *See Johnson v.*
7  *Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir.
8  1989)) (to waive exhaustion, plaintiff must show that claim is "(1) collateral to a substantive
9  claim of entitlement (collaterality), (2) colorable in its showing that refusal to denial of relief
10 will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the
11 purposes of exhaustion (futility)").

12 Having considered Plaintiff's current motion, the Court has a better understanding of
13 Plaintiff's argument as to why the claim of undue delay is collateral to her claims for benefits.
14 Although Plaintiff does challenge irregularities in the process, she appears to claim that she
15 does not seek relief that would automatically entitle her to benefits. *See*, *e.g., Day v. Shalala*,
16 23 F.3d 1052, 1059 (6th Cir. 1994) (distinguishing *Heckler v. Ringer*, 466 U.S. 602 (1984)
17 because plaintiffs sought only to receive "'the procedure they should have been accorded in the
18 first place,'" unlike plaintiffs in *Heckler* who sought relief that would have entitled them to
19 benefits, rendering the procedural challenged inextricably intertwined with the claim for
20 benefits).

21 Plaintiff also argues that procedural irregularities with respect to the ALJ's decision not
22 to reopen prior applications, including the failure to grant her a hearing and the failure to
23 articulate the reasons good cause to reopen was lacking, present a procedural due process
24 violation. (*See, e.g.,* Mot. at 5:10-11.) Plaintiff admitted at the hearing on the motion to
25 dismiss, that she had not yet challenged the ALJ's decision on this issue with the Appeals
26 Council and also admitted that she could raise the issue before the Appeals Council. Thus,
27 Plaintiff has not yet exhausted any claims based on the March 30, 2007 decision.
28

The Court has considered the arguments presented in Plaintiff's motion to alter or amend the judgment. The Court also has considered the facts regarding the ALJ's March 30, 2007 decision, including the decision not to reopen. Even if the Court were to assume that Plaintiff is correct that her claims are collateral to a claim for benefits, the Court concludes that there was no error with respect to its decision that exhausting her administrative remedies would be futile. Because Plaintiff must establish all three prongs of the test articulated in *Johnson*, the Court DENIES the motion to amend. Moreover, because Plaintiff can pursue these allegations before the Appeals Council, the Court also concludes that Plaintiff has not demonstrated that the Court's decision regarding her mandamus claim was manifestly erroneous.

**IT IS SO ORDERED.**

Dated: June 18, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4