FILED

MAR 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY J. STEVENSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner, Social Security Administration, <br><br> Defendant - Appellee. | No. 07-16320 <br><br> D.C. No. CV-06-05422-JSW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 13, 2009[**]
San Francisco, California

Before: CANBY, GOULD and BYBEE, Circuit Judges.

Beverly Stevenson appeals the dismissal of her complaint challenging the

Social Security Administration's ("SSA") delay in the processing of her claim for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability benefits. She also appeals the dismissal of her claim for mandamus relief.

We lack jurisdiction because Stevenson's personal interest in the litigation has disappeared, and thus the case is moot. *See Dufresne v. Veneman*, 114 F.3d 952, 954-55 (9th Cir. 1997). Stevenson's petition to the district court for declaratory, injunctive or mandamus relief sought to remedy SSA's delay in adjudicating her motion for reconsideration. She sought an order compelling prompt consideration of her motion for reconsideration, a prompt scheduling of a hearing before an administrative law judge if reconsideration was denied, and a prompt review by the Appeals Council of the Administrative Law Judge's ("ALJ") decision. Since the initiation of this lawsuit, all of those events have occurred, promptly or not. The SSA reconsidered the initial denial of benefits, an ALJ reviewed that decision, an Appeals Council reviewed the ALJ's decision and remanded the claim, and Stevenson will have an additional hearing before the ALJ. Because her suit is one for declaratory and injunctive relief, the question of mootness is whether this change in circumstances prevents any meaningful relief. *Gator.com Corp. v. L.L. Bean Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc).

Stevenson's claim that the administrative process has moved at a glacial pace presents no opportunity for this court to grant meaningful relief.  To declare that undue delay has occurred accomplishes nothing; the SSA has since done that which Stevenson alleges it delayed doing.  Although Stevenson now opines that her upcoming hearing may be delayed, that speculation relates to no claim presented by her petition in the district court.  Moreover, any relief based on such speculation would require an advisory opinion, in excess of our jurisdiction. *Union Pac. R.R. v. Nev. Power Co.*, 950 F.2d 1429, 1434 (9th Cir. 1991) (holding that the court would not make rulings dependent on speculation as to what might happen between the parties in further proceedings).

Because Stevenson's appeal presents no claims for which this court can provide relief, we **DISMISS** the appeal as moot.